BRIEN J. FARRELL, City Attorney (SBN 088318)
PATRICK C. WILSON, Assistant City Attorney (SBN 100487)
City of Santa Rosa
100 Santa Rosa Avenue
P. O. Box 1678
Santa Rosa, California 95402-1678

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants City of Santa Rosa
and Patrick M. Galvin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEVE ANDRE, | No. C 03-4599 JL |
| Plaintiff, | |
| vs. | CITY OF SANTA ROSA AND PATRICK M. GALVIN'S ANSWER TO COMPLAINT |
| PATRICK M. GALVIN, THE CITY OF SANTA ROSA, | DEMAND FOR JURY TRIAL |
| Defendants. / | |

Defendants City of Santa Rosa and Patrick M. Galvin answer the complaint as follows:

1. Defendants admit the allegations of paragraphs 2 and 3.

2. Defendants deny the allegations of paragraphs 23, 25, 28, 29, 32, 36, 37, 38, 40, 41, 42, 43, 45 and 52.

3. Responding to paragraph 1, defendants admit that plaintiff is a resident of the City of Santa Rosa. Defendants do not know whether plaintiff is a citizen. Except as so admitted, defendants deny each and every allegation of said paragraph.

4. Responding to paragraph 4, defendants admit that this Court presently has federal question jurisdiction and that the Northern District of California is presently the proper venue for the federal complaint. The City of Santa Rosa is located in this District. Patrick M. Galvin resides in this District. The relevant events occurred in this District. Except as so admitted, defendants deny each and every allegation of said paragraph.

5. Responding to paragraph 5, plaintiff Andre is the apparent owner of the property at

2419 Vallejo Street in the City of Santa Rosa. The City is unsure regarding the exact form of the present ownership of that property. Except as so admitted, defendants deny each and every allegation of said paragraph.

6. Responding to paragraph 6, the Department of Community Development and the City Attorney's Office of the City of Santa Rosa enforce violations of the Building Code and the Zoning Code. The City Manager appoints the Director of the Department of Community Development. The City Council appoints the City Manager. The City Council is the legislative body of the City of Santa Rosa. Except as so admitted, defendants deny each and every allegation of said paragraph.

7. Responding to paragraph 7, because these allegations do not say who plaintiff spoke with or when or what was said, the defendants are unable to respond to these allegations at this time and therefore defendants deny same.

8. Responding to paragraph 8, because these allegations do not say when the application was filed, where it was filed or what permit was issued, defendants are unable to respond to these allegations at this time and therefore defendants deny same.

9. Responding to paragraphs 9-19 and paragraph 51, at all relevant times the City of Santa Rosa has enforced the City Code in the plaintiff's neighborhood on a complaint-made basis. In or about 1999, the City's Building Division received a complaint regarding 2419 Vallejo Street, where plaintiff resides. The complaint alleged that the garage at that location had been converted to habitable space without permits. City staff visited the site and confirmed the garage conversion. City staff also confirmed that no permits had been obtained from the City prior to the garage conversion. Mr. Andre was advised that the City Code requires a permit for the conversion of a garage area into habitable space and that the City Code requires a zoning clearance to compensate for the loss of the covered off-street parking spaces.

Thereafter, a site inspection by City staff revealed that, in addition to the garage conversion, other construction had occurred without permits at 2419 Vallejo Street including construction

CITY OF SANTA ROSA AND
PATRICK M. GALVIN'S ANSWER
TO COMPLAINT, DEMAND FOR
JURY TRIAL - C 03 4599 JL

2

1  without permits of two roof structures plus a large ornamental structure in the front yard.

2       Defendants are informed and believe that: the front yard ornamental structure was
3  constructed by Mr. Andre; it was assembled from a variety of materials including wood, steel, glass
4  and stone; it is over 20 feet long and over 6 feet high; the horizontal beam of the structure is
5  primarily anchored off center with a boulder and other objects affixed above the beam on one side
6  while three glass panels are attached to the beam on the other side; the structure weighs hundreds
7  of pounds or more; it was permanently installed on top of an artificial landscape planter located in
8  the front yard setback; and electrical wiring has been installed so the structure can be illuminated.
9  The structure is not enclosed by a fence. An elementary school exists not far from Mr. Andre's
10 residence.

11      Given that the large permanent unenclosed manmade ornamental object at 2419 Vallejo
12 Street fit the definition of "structure" in the City Building Code, City of Santa Rosa Code
13 Enforcement Officer Michael J. Reynolds, who was at the scene investigating other violations at
14 plaintiff's property, advised plaintiff that a zoning clearance was needed since the structure was
15 located within the front yard setback and that a permit was required under the City Building Code.
16 The zoning clearance would assess whether the structure was an appropriate use in a setback area
17 under the City Zoning Code. The permit process would allow the City to determine under the City
18 Building Code if the structure was safe and stable. For example, it is unclear how the structure is
19 balanced and secured and whether its foundation is stable.

20      On February 8, 2001, the City of Santa Rosa Planning Commission considered plaintiff's
21 request for a zoning clearance. For the reasons stated in her staff report, the City planner assigned
22 to this project recommended to the Commission that plaintiff's request be denied. Members of the
23 public spoke for and against the proposal. On a 6-1 vote, the Commission determined that the object
24 was an allowed use under the Zoning Code. This decision was appealed to the City Council by a
25 member of the public. On April 24, 2001, on a 6-1 vote, the Council concurred with the

CITY OF SANTA ROSA AND
PATRICK M. GALVIN'S ANSWER
TO COMPLAINT, DEMAND FOR
JURY TRIAL - C 03 4599 JL

1 Commission's decision.

2 Plaintiff thereafter asked the City planner for a refund of his application fee for the zoning
3 clearance. She declined the request. Plaintiff never appealed this staff denial.

4 The City's Building Division staff again requested that plaintiff obtain a permit under the
5 City Building Code for the ornamental structure. Plaintiff protested that the City Building Code
6 did not apply to "art" and that he could identify other objects in the City that had been constructed
7 without a permit.

8 On August 24, 2001, the City Attorney's office filed an infraction complaint against Mr.
9 Andre alleging a violation of eight provisions of the City Code, including the illegal garage
10 conversion, a violation of the Zoning Code regarding the lack of required off street parking spaces,
11 and violations of the City Building Code regarding a variety of structures at the property that were
12 constructed without permits, including the front yard ornamental structure. A bench trial was held
13 in Sonoma County Superior Court. The Court found Mr. Andre guilty on four counts. He was
14 acquitted on four counts, including the count involving the front yard ornamental structure. Mr.
15 Andre has appealed the four convictions. That appeal is pending.

16 The City agrees that the front yard structure is an ornamental decoration, but it is also a
17 structure within the meaning of the City Building Code. The City of Santa Rosa promotes art. "Art"
18 is not categorically exempt from the City Building Code. The City enforces its Code in plaintiff's
19 neighborhood on a complaint-made basis. Prior to the investigation of the complaint regarding the
20 Andre property, City staff cannot recall receiving a complaint which involved a large ornamental
21 structure like that in Mr. Andre's front yard. Assuming plaintiff is defining "sculpture" to mean any
22 exterior decoration regardless of size, defendants admit the allegations of the last sentence of
23 paragraph 19 and the first and second sentences of paragraph 51. The defendants lack sufficient
24 information or belief to respond to the first sentence of paragraph 18 and therefore deny same.
25 Except as so admitted, defendants deny each and every allegation of said paragraphs.

26

27 CITY OF SANTA ROSA AND
PATRICK M. GALVIN'S ANSWER
TO COMPLAINT, DEMAND FOR
28 JURY TRIAL - C 03 4599 JL

4

10. Responding to paragraph 20, this paragraph is unintelligible and therefore, on that basis, defendants deny said allegations.

11. Responding to paragraph 21, plaintiff did not apply for the relevant permits prospectively. Instead, plaintiff converted garage space and constructed other structures without City permits. After a complaint by a neighbor, the City investigated and thereafter identified violations and requested that plaintiff obtain the necessary permits. Except as so admitted, defendants deny each and every allegation of said paragraph.

12. Responding to paragraph 22, plaintiff's application was incomplete. Except as so admitted, defendants deny each and every allegation of said paragraph.

13. Responding to paragraph 24, the City Building Code does not include an exemption for instances where an applicant believes it may be expensive for him to comply with Code requirements. Except as so admitted, defendants deny each and every allegation of said paragraph.

14. Responding to paragraph 26, plaintiff has not identified when he spoke to the City Council or to whom he gave "notice" and therefore defendants are unable to respond to this allegation at this time. The infraction complaint against plaintiff was signed by City of Santa Rosa Assistant City Attorney Michael J. Casey following a request for complaint from the Code Enforcement Officer. Except as so admitted, defendants deny each and every allegation of said paragraph.

15. Responding to paragraphs 27, 33, 39 and 44, defendants incorporate all prior responses to said paragraphs. Except as so admitted, defendants deny each and every allegation of said paragraphs.

16. Responding to paragraph 30, at all relevant times, Patrick M. Galvin worked for the City of Santa Rosa as a law clerk. Except as so admitted, defendants deny each and every allegation of said paragraph.

17. Responding to paragraph 31, the Superior Court acquitted Mr. Andre on Count 2.

CITY OF SANTA ROSA AND PATRICK M. GALVIN'S ANSWER TO COMPLAINT, DEMAND FOR JURY TRIAL - C 03 4599 JL

1  Except as so admitted, defendants deny each and every allegation of said paragraph.

2      18.    Responding to paragraph 34, these allegations contain legal assertions for which no response is required. To the extent a response is necessary, the defendants agree that the First Amendment and other similar provisions provide certain protections for speech and expression. Except as so admitted, defendants deny each and every allegation of said paragraph.

    19.    Responding to paragraph 35, the City agrees that the structure is an ornamental decoration. Except as so admitted, defendants deny each and every allegation of said paragraph.

    20.    Responding to paragraphs 46, 47, 48, 49 and 50, at all relevant times the City of Santa Rosa has contracted with the Sonoma County District Attorney's Office whereby the District Attorney's Office provides certified law clerks for the prosecution of designated City Code offenses. Defendants are informed and believe that at all relevant times in connection with the infraction complaint involving Mr. Andre a certified law clerk was present in Court. Patrick M. Galvin is a law clerk who is employed by the City of Santa Rosa. He is not a member of the State Bar. He assists the City of Santa Rosa and the certified law clerk in City cases as appropriate. Except as so admitted, defendants deny each and every allegation of said paragraphs.

## AFFIRMATIVE DEFENSES

1. The complaint and each cause of action therein fails to state a cause of action.
2. Patrick M. Galvin is entitled to qualified immunity.
3. The infraction complaint was supported by probable cause.
4. The state law claims are barred by California Government Code §§ 815, 815.2, 818, 818.2, 818.4, 818.6, 818.8, 820.2, 821.2, 821.4, 821.6, 822.2 and California Civil Code § 47.
5. Plaintiff lacks standing to claim a violation of State Bar rules.
6. The City of Santa Rosa is not liable for punitive damages under state or federal law.
7. Plaintiff has failed to plead compliance with the California Tort Claims Act.

CITY OF SANTA ROSA AND
PATRICK M. GALVIN'S ANSWER
TO COMPLAINT, DEMAND FOR
JURY TRIAL - C 03 4599 JL

**PRAYER**

Defendants request that plaintiff take nothing, that the complaint be dismissed with prejudice and that defendants be awarded costs of suit.

Defendants request a jury trial on all issues as allowed by law.

Dated: December 19, 2003.

                                            PATRICK C. WILSON
                                            Assistant City Attorney
                                            Attorney for Defendants
                                            City of Santa Rosa and
                                            Patrick M. Galvin

CITY OF SANTA ROSA AND PATRICK M. GALVIN'S ANSWER TO COMPLAINT, DEMAND FOR JURY TRIAL - C 03 4599 JL

7